## Case No. 13,278.

### STAINTHORP et al. v. ELKINTON.

[1 Fish. Pat. Cas. 349.] [1]

Circuit Court, E. D. Pennsylvania. Oct., 1858.

PATENTS — COMBINATION CLAIMED — USE BEFORE AND AFTER PATENT GRANTED.

1. A machine, which, if used after the grant of letters patent, would not infringe the combination claimed therein, can not be invoked to destroy the patent, if used before it.

2. Stainthorp's patent for "improvement in machines for making candles" examined and sustained.

[Cited in Thayer v. Wales, Case No. 13,871.]

This was a bill in equity [by John Stainthorp, John W. Hunter, and Stephen Seguine against George M. Elkinton] filed to restrain the defendant from infringing letters patent [No. 12,492], for an "improvement in machines for making candles," granted to John Stainthorp, March 6, 1855.

The claims of the patent were as follows: "(1) The employment of pistons formed at their upper end into molds for the tips of candles, in combination with stationary candle molds, to throw out the candles in a vertical direction, substantially as set forth in the specification. (2) The combination of the rack, tip bar, and clasps, constructed and arranged, substantially as, and for the purposes described in the specification."

George Harding, for complainants.
Theodore Cuyler, for defendant.

GRIER, Circuit Justice. The complainant has not claimed specifically the combinations of pistons with stationary molds and clasps to receive and hold the candles when thrust upward, as he might have done. If it were necessary to support his case, the court might find precedents for evading, by a liberal construction, the positive requirement of the statute that the patentee "shall specify and point out the part, improvement, or combination, which he claims as his own invention." But I prefer a decision which will not make a dangerous precedent to avoid a hard case, and this more especially as the statute provides an ample remedy for imperfect specifications.

The infringement of the first claim of the patent is not denied, but it is contended that the complainant is not the first inventor of the combination claimed therein. This claim is for the employment of pistons formed at their upper ends into molds for the tips of candles, in combination with stationary molds to throw out the candles in a vertical direction. The defendant has entirely failed to prove that this combination of devices was ever used before complainant's patent.

Short made some abortive experiments to perfect a machine, by which candles might be pushed out of the molds; but like his numerous other attempts at invention, it was abandoned as worthless, after filing a caveat.

It required no very great inventive powers to discover that candles might be pushed out of a mold as well as pulled out; that they might be popped by an impulse from beneath as well as by a pressure from above; or that, if candles were not to be drawn out by the wick, the popping process, if at all necessary, could be produced by the first impact of the piston from beneath.

The patentee does not claim to be the first who conceived the idea of pushing a candle out of the mold by a piston; but he has succeeded in inventing a labor-saving machine of great practical value, by a combination of devices; using a hollow piston with a mold for the tip, in combination with stationary molds. Short had some idea of a machine to push the candles out of cylindrical glass molds, but never perfected an invention containing the combination of devices claimed in this patent.

Hewitt only started or popped his candles by an impact from beneath, and then drew them out by hand, lifting them by the wick. Morgan's machine used a piston, but not in combination with tips and stationary molds. None of these abandoned experiments or machines would infringe the combination of devices claimed in this patent, if used, nor can they be invoked to destroy it.

Let a decree be entered according to the prayer of the bill.

[For other cases involving this patent, see Cases Nos. 13,279–13,281, and 13,872.]